Dear Mr. Coudrain:
By your letter of June 5, 1992, you have requested the opinion of this office on a matter involving lease of state property. Specifically, Southeastern Louisiana State University intends to execute a lease of university property in favor of the S.L.U. Alumni Association, upon which the association intends to erect a building. Your question concerns the applicability of the general statutory provisions on public land leases to this transaction. You have verbally informed me that the alumni association enjoys non-profit status. Under the statutory scheme for the leasing of public lands, some leases of state university lands are regulated separately from other public lands leases.
The general rules for lease of public lands are found in Part I of Chapter 10, LSA-R.S. 41:1211 et seq. Section 1211 defines the term "lessor". State universities and colleges are included in that definition. Therefore, for some leases, a state university is bound by the terms of the general provisions.
However, some particular leases by state universities and colleges are governed by LSA-R.S. 17:3361 et seq. These particular leases, enumerated in R.S. 17:3361, include nonprofit corporations or associations. Under the express terms of R.S. 17:3361(E), such leases are not subject to Part I, Chapter 10, Title 41, referred to above, or to R.S. 39:1643.
The above referenced provisions support your position that a lease of land by Southeastern Louisiana University to the S.L.U. Alumni Association would be governed solely by R.S. 17:3361 et seq., and not the general provisions of Title 41 applicable to public lands. Please note that this opinion is predicated on the assumption that the alumni association qualifies as a nonprofit association.
You have also posed the broader question of whether R.S. 17:3361
et seq. constitutes the only regulations of such leases as you are contemplating. I have reviewed the statutes and the indices to the statutes, and find no provisions directly pertinent to your lease. In addition to the exclusions contained in R.S.17:3361(E), any construction you may engage in is not considered a public work [R.S. 17:3361(B)]. However, as a cautionary note, the exclusions set forth of R.S. 17:3361(E) are specific and exclusive. Therefore, on any matters not specifically covered by R.S. 17:3361 et seq., or R.S. 39:1643, or part 1, Chapter 10, Title 41, other general state laws would be applicable.
We hope that the above adequately addresses your concerns. Should you require further amplification or clarification on this matter, please contact the undersigned.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: CHARLES ST. DIZIER Assistant Attorney General